UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HEIM,<br><br>            Plaintiff,<br><br>       vs.<br><br>JANE DOE, et al.,<br><br>            Defendants. | 1:20-cv-00391-AWI-GSA-PC<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTION TO AMEND<br>(ECF No. 11)**<br><br>**ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF** |

**I.     BACKGROUND**

Christopher Heim ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 11, 2020. (ECF No. 1.)

On April 29, 2020, Plaintiff filed a motion to amend the Complaint. (ECF No. 11.)

1

**II.     MOTION TO AMEND – FED. R. CIV. P. 15(a)**

Plaintiff may file an amended complaint at this stage of the proceedings without leave of court.  Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Here, because Plaintiff has not previously amended the Complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.  Plaintiff shall be granted thirty days in which to file a First Amended Complaint.

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 36 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

As a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after March 11, 2020, the date the initial Complaint was filed.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

///

///

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on April 29, 2020, is RESOLVED;
2. Plaintiff is informed that he has leave to amend the Complaint once as a matter of course;
3. Plaintiff is granted thirty (30) days from the date of service of this order, in which to file a First Amended Complaint as instructed by this order, using the court's form;
4. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:20-cv-00391-AWI-GSA-PC, and be an original signed under penalty of perjury;
5. The Clerk of Court shall send one § 1983 civil rights complaint form to Plaintiff; and
6. If Plaintiff fails to file an amended complaint within 30 days, this case will proceed with Plaintiff's initial Complaint filed on March 11, 2020.

IT IS SO ORDERED.

Dated:   **May 1, 2020**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE