UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HEIM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JANE DOE, et al.,<br><br>　　　　　　Defendants. | 1:20-cv-00391-AWI-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document #15) |

On December 21, 2020, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Plaintiff's first amended complaint, filed on May 14, 2020, awaits screening by the court. (Doc. 13.) Moreover, on December 21, 2020, plaintiff filed a motion to amend the first amended complaint, and today, on January 4, 2021, plaintiff lodged a proposed second amended complaint. (Docs. 14, 16.) Until the court rules on plaintiff's motion to amend and finds that Plaintiff states cognizable claims in the complaint, service of process shall not be initiated upon the defendants. In addition, based on a review of the record in this case, the court finds that plaintiff can adequately articulate his claims.

Plaintiff argues that he cannot afford counsel and his resources are limited because he is incarcerated. While these conditions make litigation challenging, they do not amount to exceptional circumstances under the law. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 4, 2021**                         **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE