UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HEIM, | 1:20-cv-00391-AWI-GSA-PC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT** |
| vs. | |
| JANE DOE, et al., | **ORDER FOR CLERK TO FILE SECOND AMENDED COMPLAINT LODGED ON JANUARY 4, 2021 (ECF No. 16.)** |
| Defendants. | |

**I.      BACKGROUND**

Christopher Heim ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 11, 2020.  (ECF No. 1.)  On May 14, 2020, Plaintiff filed the First Amended Complaint as a matter of course.  (ECF No. 13.)  On January 4, 2021, Plaintiff lodged a Second Amended Complaint.  (ECF No. 16.)

**II.     LEAVE TO AMEND – RULE 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because

Plaintiff has already amended the complaint once and no other parties have appeared, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

The court finds no bad faith or futility in Plaintiff's proposed amendment.  The proposed Second Amended Complaint arises from the same events at issue in the original Complaint as well as in the  First Amended Complaint.   Because the First Amended Complaint awaits the court's requisite screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to proceed with the Second Amended Complaint.  Therefore, Plaintiff shall be granted leave to amend, and the Second Amended Complaint shall be filed.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to amend the complaint;
2. The Clerk is directed to file the proposed Second Amended Complaint, which was lodged on January 24, 2021; and
3. The Second Amended Complaint shall be screened in due time.

IT IS SO ORDERED.

Dated:   **March 22, 2021**              **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE