| | |
|---|---|
| CHRISTOPHER HEIM, | 1:20-cv-00391-AWI-GSA-PC |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO AMEND AS MOOT** |
| vs. | **(ECF No. 25.)** |
| DOE, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I. BACKGROUND

Christopher Heim ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 11, 2020, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On May 14, 2020, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 13.) On January 4, 2021, Plaintiff filed

1

the Second Amended Complaint with leave of court. (ECF No. 20.) On March 30, 2021, the court dismissed the Second Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 21.) On May 3, 2021, Plaintiff filed the Third Amended Complaint. (ECF No. 22.)

On May 6, 2021, Plaintiff filed a motion for leave to amend the complaint. (ECF No. 25.)

## II. LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff has previously amended the complaint and no defendants have appeared in the case. Therefore, Plaintiff requires leave of court to file an amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

## III. ANALYSIS

Plaintiff requests leave to amend the complaint to reflect the fact that he determined the defendant's name is Rodriguez. Plaintiff's motion is moot because on May 3, 2021, he filed the Third Amended Complaint which lists C/O Rodriguez as a defendant. Therefore, the request is moot.

## IV. CONCLUSION

As discussed above, Plaintiff's motion for leave to amend the complaint to add defendant Rodriguez's name to the complaint is moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint, filed on May 24, 2021, is denied as moot; and
2. The Third Amended Complaint, filed on May 3, 2021, shall be screened in due course.

IT IS SO ORDERED.

Dated: **May 11, 2021**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE